UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1855 FERRY PARK, LLC,

    Plaintiff,

                                      Case No. 17-13178

v.

                                      Hon. John Corbett O'Meara

CITY OF DETROIT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant City of Detroit's motion to dismiss. The court heard oral argument on January 31, 2018, and took the matter under advisement. For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

On October 26, 2016, Plaintiff, 1855 Ferry Park, LLC, purchased property located at 1855 Ferry Park, Detroit, Michigan. Located on the property was a building that Plaintiff planned to renovate.

Defendant City of Detroit contends that it inspected the building on April 24, 2017, and found that it was partially collapsed and structurally unsound. A Notice of Emergency Ordered Demolition was issued, posted on the property, and mailed

to Plaintiff. On May 31, 2017, the building was demolished by a city contractor. Plaintiff alleges that it did not receive the demolition notice until June 7, 2017, after the building had been razed.

Plaintiff filed its complaint in state court on September 1, 2017, alleging the following causes of action: Count I, violation of substantive due process; Count II, violation of procedural due process; Count III, taking without just compensation; Count IV, trespass; and Count V, gross negligence. Plaintiff seeks damages, including compensation for the demolished building, and a declaration that Plaintiff is not liable for costs related to the demolition.

Defendant removed the case to this court on September 28, 2017, and filed a motion to dismiss. Plaintiff concurs that its takings, trespass, and gross negligence claims may be dismissed (without prejudice), leaving its due process claims for the court's consideration.

## LAW AND ANALYSIS

Defendant argues that Plaintiff's substantive and procedural due process claims must be dismissed because they are not ripe for adjudication. If a claim is unripe, federal courts lack subject matter jurisdiction and the claim must be dismissed. See Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992). It is clear that Plaintiff's *takings* claim is not ripe, because

Plaintiff has not pursued an inverse condemnation remedy in state court. Id. See also Williamson Cty. Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.").

Although Plaintiff has agreed to the dismissal of its takings claim, the legal background regarding the ripeness requirement for takings claims informs the analysis of Plaintiff's due process claims. In general, constitutional claims that are "ancillary" or related to a takings claim are also subject to a finality requirement and are considered unripe if the takings claim is not ripe. See, e.g., Bigelow, 970 F.2d at 158-60.

Plaintiff argues that its due process claims are not subject to the *Williamson County* ripeness requirement because these claims are separate and distinct from, not ancillary to, its takings claim. Plaintiff relies upon Nasierowski Bros. Investment Co. v. City of Sterling Heights, 949 F.2d 890 (6th Cir. 1991) for the proposition that its due process claims are not subject to the ripeness requirement. In Nasierowski, the plaintiff brought a procedural due process challenge to a zoning amendment that was adopted without notice to the landowner. The plaintiff

in Nasierowski did not assert a takings claim, but rather presented a "pure" claim of procedural due process, which distinguishes Nasierowski from this case. See Bigelow, 970 F.2d at 159.

In Bigelow, commercial fishermen alleged that the state of Michigan deprived them of the value of their fishing licenses. They alleged takings, due process, and equal protection claims. After determining that the takings claim was not ripe for review, the Sixth Circuit also determined that the plaintiffs' due process claim was "ancillary" to the takings claim:

> The plaintiffs' procedural due process claim is ancillary to this main issue; they simply assert that they were not given an effective opportunity to defend their fishing rights before they were taken. There was thus no "instantaneous infliction of a concrete injury." Until the state courts have ruled on the plaintiffs' inverse condemnation claim, this court cannot determine whether a taking has occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts. Furthermore, addressing the plaintiffs' procedural due process claim at this stage of the proceedings would allow future plaintiffs effectively to circumvent the ripeness requirement for takings claims simply by attaching a procedural due process claim to their complaint.

Id. at 160.

As in Bigelow, Plaintiff has brought several constitutional claims arising out of the same facts as its takings claim, rather than a purely procedural challenge to a

land use regulation.  See Insomnia, Inc. v. City of Memphis, 278 Fed. Appx. 609, 614 (6th Cir. 2008) ("*Bigelow* subsequently limited the reach of *Nasierowski Brothers* to only a subset of *purely procedural* challenges to land use regulations.").  Plaintiff's due process claims – alleging that it did not have the opportunity to challenge the demolition before it occurred – are ancillary to its takings claim.  Indeed, a determination of whether Plaintiff is entitled to compensation for its demolished building will also likely resolve claims based upon other legal theories.  See Rosedale Missionary Baptist Church v. New Orleans City, 641 F.3d 86, 91 (5th Cir. 2011) (when city demolished building without notice, federal procedural due process claim was unripe because state takings claim was not yet adjudicated); Braun v. Ann Arbor Charter Twp., 519 F.3d 564, 573-74 (6th Cir. 2008) ("At least insofar as the remedy sought by the plaintiff (money damages) is the same under both the takings clause and the substantive due process clause . . . the due process claim is subsumed by the takings claim.").

# ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

s/John Corbett O'Meara
United States District Judge

Date: February 6, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 6, 2018, using the ECF system.

s/William Barkholz
Case Manager